IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EHS MANAGEMENT GROUP OF
FL, INC.
    *Plaintiff*,

v.

GENUINE FOOD LAB, LLC,
    *Defendant*.

Civil No.: ELH-22-2182

**MEMORANDUM**

On July 22, 2022, in the Circuit Court for Garrett County, plaintiff EHS Management Group Of FL, Inc. filed suit against defendant Genuine Food Lab, LLC. ECF 3 (the "Complaint"). In the suit, plaintiff alleges breach of contract. *Id.*

Defendant removed the case to federal court on August 29, 2022, on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1332. ECF 1. On September 6, 2022, defendant moved to dismiss the Complaint. ECF 5. The motion is supported by a memorandum. ECF 5-1 (collectively, the "Motion"). In particular, defendant seeks to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, and pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue. ECF 5. In the alternative, defendant seeks an order transferring venue to the U.S. District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). ECF 5-1 at 2.

Plaintiff did not respond to the Motion. Therefore, by Order of March 24, 2023 (ECF 9), I directed the parties to submit a status report, due by April 7, 2023. *Id.* As requested, defendant submitted a status report on April 7, 2023, noting that plaintiff had not filed a response to the Motion and that the unopposed Motion is ripe. ECF 10. It seeks dismissal of the case. *Id.*

To date, plaintiff has not filed an opposition to the Motion, and the time to do so has long expired. *See* Local Rule 105.2(a); Fed.R.Civ.P. 6(d).  Moreover, plaintiff failed to provide a status report by April 7, 2023, as directed in ECF 9.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Because plaintiff failed to file an opposition to the Motion, "the court has discretion to dismiss the case without reaching the merits." *Gray v. Montgomery County Public Schools, et al.*, DKC 22-1263, 2022 WL 17082366, at *2. (D. Md. Nov. 18, 2022). When a plaintiff fails to oppose a motion to dismiss, a district court is also "entitled, as authorized, to rule on the ... motion and dismiss [the] suit on the uncontroverted bases asserted" in the motion. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand–Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By [plaintiff's] failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [its] claim.").

On the other hand, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant. This is because the district court has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Y-97-3026, 2000 WL 1479154, at *2 n. 6 (D. Md. Aug. 25, 2000). Nevertheless, I detect no obvious lack of merit in defendant's Motion.

In light of plaintiff's failure to oppose the Motion, and its failure to comply with the Order of March 24, 2023, directing submission of a status report by April 7, 2023, I shall assume that plaintiff concedes that its Complaint is deficient for the reasons stated by defendant. Because some of the flaws could be addressed in an amended suit, I will exercise my discretion to dismiss the Complaint, without prejudice. An Order follows.

Date:  April 10, 2023              /s/
                                   Ellen L. Hollander
                                   United States District Judge